IN RE APPROPRIATION OF PROPERTY OF MAIDEN.

(No. 73056—Decided December 9, 1970.)

Common Pleas Court of Lorain County.

*Mr. Dan K. Cook,* for Maiden, the property owner.
*Mr. Paul W. Brown,* attorney general, for State Highway Department.

PINCURA, J.  In appropriation cases full pre-trial disclosure of expert witnesses, appraisers' opinions and the details upon which they are based is required if the Ohio Rules of Civil Procedure are to accomplish their purpose and this court determines that Rule 26(B)-4 extends to any matter not privileged which is relevant to the subject matter involved in the pending action.  The testimony of appraisers is the crux of the trial and full disclosure of their opinions and the foundation upon which they rest are essential to adequate litigation, subject to the court's power to control the timing, scope and other protective steps.  However, it is to be remembered that what is *"Sauce for the goose is also sauce for the gander,"* either or both litigants can take advantage of this rule.  Therefore, the motion of the property owner herein is sustained, and is entitled to (a) identity of expert witnesses, (b) subject matter for expert to testify upon, (c) names of persons who have inspected the property, (d) dates of inspections, (e) all appraisal reports and (f) all answers to be served upon the party interrogator on or before date of pre-trial and subject to further order of court. (See *United States* v. *Meyer* (1968), 398 F. 2d 66.)  The *Meyer case* is directly in point, and though it is persuasive authority only, this court feels that it represents the better view.